23 C.C.P.A. (Patents)

## QUAKER STATE OIL REFINING CO. v. WOLVERINE-EMPIRE REFINING CO.

### Patent Appeal No. 3585.

Court of Customs and Patent Appeals.
Jan. 27, 1936.

Mason, Fenwick & Lawrence, of New York City (J. V. Frampton, of Oil City, Pa., of counsel), for appellant.

Emery, Booth, Varney & Whittemore, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Quaker State Oil Refining Company, appellant, has here appealed from a decision of the Commissioner of Patents of the United States Patent Office, which dismissed appellant's opposition and held that the Wolverine-Empire Refining Company, appellee, was entitled to the registration of a trade-mark for which it had filed application. The Examiner of Interferences sustained the opposition and adjudged that the applicant was not entitled to the registration for which it had filed application and the commissioner reversed this decision.

The registered mark of appellant, upon which the opposition was predicated, is for use on lubricating oils and greases and consists of coloring the upper and lower one-third of the oil drum green, and the central one-third white. It is stated in argument that oil drums in which both parties and others engaged in a similar business market their products are so constructed that there are two convex bands, integral with the lateral walls of the drum, extending circumferentially around the same, which divide the outside surface of the sides of the barrel into three approximately equal divisions, and that the said bands or ridges separate the said colors.

The mark sought to be registered by appellee is used on lubricating oils and is identical with that of appellant, except that in its drawing it shows the upper one-third painted red instead of green. Appellee made an amendment to its original application and provided in part as follows: "The trade-mark consists in a design formed by placing circumferentially of the lateral surface of the drum or barrel containing the goods, a band of red at one end, a band of green at the other end, each color covering about one-third and a band of white between them, of such lateral surface. No claim is made to the representation of the drum or barrel."

The Examiner of Interferences stated that the resemblances between the marks involved were deemed to be at least as

great as that found to exist in the marks under consideration in A. Leschen & Sons Rope Co. v. American Steel & Wire Co., 55 F.(2d) 455, 19 C.C.P.A. (Patents) 851, and accordingly sustained the notice of opposition and held that the appellee was not entitled to the registration for which it made application.

The commissioner held that the likelihood of confusion was too remote to govern the decision, reversed the decision of the Examiner of Interferences, dismissed the opposition, and adjudged that the applicant, appellee, was entitled to the registration of the mark.

It has been frequently held that a mark is not registrable if color alone is its distinguishing characteristic. A. Leschen & Sons Rope Co. v. American Steel & Wire Co., supra; In re General Petroleum Corporation of California, 49 F.(2d) 966, 18 C.C.P.A. (Patents) 1444; In re Sun Oil Co., 49 F.(2d) 965, 18 C.C.P.A. (Patents) 1421; In re Walker-Gordon Laboratory Co., 53 F.(2d) 548, 19 C.C.P.A. (Patents) 749.

It will be noticed that in the decisions of the tribunals below, the validity of the registered mark is not questioned and that the conclusion in each instance rested respectively upon the confusing similarity and the lack of confusing similarity between the marks.

In our jurisdiction in this kind of case, a registered mark is presumed to be valid, and we do not concern ourselves with any question concerning its validity. Lufkin Rule Co. v. Master Rule Mfg. Co., 40 F.(2d) 991, 17 C.C.P.A. (Patents) 1227, 1230; A. Leschen & Sons Rope Co. v. American Steel & Wire Co., supra. It is also well settled that the commissioner has the right to reject the application for registration as a matter of ex parte consideration, and is not confined to the issues raised by the opposition proceeding. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C.C.P.A.(Patents) 1198; Etablissements Rene Beziers, Societe Anonyme v. Reid, Murdoch & Co., 48 F.(2d) 946, 18 C.C.P.A.(Patents) 1340; California Canneries Co. v. Lush'us Products Co., 49 F.(2d) 1044, 18 C.C.P.A.(Patents) 1480; Blackstone Products Co., Inc., v. Green Bros. Co., 70 F.(2d) 271, 21 C.C.P.A.(Patents) 1065.

We think we can dispose of this case upon the same theory as that upon which the tribunals below proceeded. It is not necessary for us to consider the question as to whether or not applicant's mark which it seeks to register is invalid, and therefore not registrable, upon the ground that color alone is its distinguishing characteristic, or upon the ground that the subject-matter of the mark is an integral part of the article and is publici juris, or upon the ground that it is descriptive of the goods upon which it is used, as was held in the so-called heating boiler case, Weil-McClain Co. v. American Radiator Co., 57 F.(2d) 353, 19 C.C.P.A.(Patents) 1137.

We agree with the decision of the Examiner of Interferences that the appellee has sought to distinguish its mark, and the goods upon which it alleges use, from those of the appellant only by the use of a red color on either the top or bottom of about one-third of the drum where appellant had used a green color. It is obvious that appellee therefore seeks to distinguish its mark from the mark of appellant only by change of color at an indeterminate place of about one-third of the side wall of the drum.

It has been suggested in argument, as well as in the decision appealed from, that in the use of appellee's mark, the red portion of the drum might be placed downward and concealed by obstructions and that confusion would result. The commissioner held that this matter was immaterial. While this may be a matter to which consideration might be given under certain circumstances, it seems to us that it is wholly immaterial here, and that regardless of how the two marks were used, with respect to that consideration, confusion would be likely to result to the purchaser of lubricating oils if the two marks were concurrently used as is proposed by appellee.

It is shown in the record that the appellee, before registration was applied for, marked its barrels with white in the middle and green at both top and bottom, and that upon complaint by appellant, it changed its mark to that which is described in its application here involved. As the issue is presented here, we cannot see how this matter is of importance.

It is our view that the differences between the two marks here involved will not distinguish the goods of appellee from those of appellant, as is contemplated by the trade-mark registration statute, and that appellee is not entitled to register its said mark. The decision of the Commissioner of Patents is reversed.

Reversed.